Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ramon Gutierrez and Clariza Gutierrez, on behalf of themselves and all others similarly situated**<br><br>Plaintiffs,<br><br>v.<br><br>**Barclays Bank Delaware,**<br><br>Defendant. | Case No: '11CV0289 LAB WMc<br><br>**Class Action Complaint For Damages for violations of California Penal Code 632**<br><br>Jury Trial Demanded |

## INTRODUCTION

1. Ramon Gutierrez and Clariza Gutierrez, on behalf of themselves and all others similarly situated, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of Barclays Bank Delaware, ("Defendant"), with regard to Defendants unlawful and surreptitious recording of telephone calls between Defendant and Plaintiffs, all in violation of California law, and this conduct caused Plaintiffs damage.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for supplemental state claims.

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

9. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

10. Plaintiffs are, and at all times mentioned herein were, individual citizens and residents of the State of California.

11. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a Delaware corporation whose primary corporate address is located in Delaware.

## FACTUAL ALLEGATIONS

12. At all times relevant, Defendant conducted business within the State of California.

13. Sometime before March, 2010, Plaintiffs are alleged to have incurred certain financial obligations.

14. These alleged financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

15. Sometime thereafter, but before March, 2010, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to the validity of this alleged debt.

16. Subsequently, on or about March, 2010, Defendant began telephoning Plaintiffs in an effort to try to convince Plaintiffs to pay the alleged debt.

17. On or about March, 2010, Defendant telephoned Plaintiffs and demanded payment of the alleged debt.

18. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

19. This telephone call was surreptitiously and electronically recorded by Defendant.

20. Subsequently, and on at least eight other occasions over the past year, Defendant telephoned Plaintiffs and on each occasion Defendant

surreptitiously and electronically recorded the conversation that took place between Plaintiffs and Defendant.

21. On numerous other occasions over the past year, Plaintiffs telephoned Defendant and on each occasion Defendant surreptitiously and electronically recorded the conversation that took place between Plaintiffs and Defendant.

22. In none of the recorded or monitored telephone calls were Plaintiffs ever made aware they were being recorded.

23. In none of the recorded or monitored telephone calls were Plaintiffs given notice that the calls were being recorded at the outset of the call and Plaintiffs never consented to being recorded.

24. Through this conduct and omissions, Defendant engaged in the acts complained of herein, including, but not limited to, the illegal, secret, and surreptitious monitoring, eavesdropping on, recording, or otherwise making unauthorized connections to telephone and other conversations between Defendant and Plaintiffs, all in violation of sections 632 and 637.2 of the California Penal Code.

25. The California Penal Code is very clear in its prohibition against such unauthorized monitoring and tape recording without the consent of the other person to the conversation: "Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication [violates this section]." Penal Code § 632(a).

26. Defendant surreptitiously monitored, eavesdropped on, recorded, or made other unauthorized connections to the conversations between Plaintiffs and Defendant, which took place and was accomplished through a machine, instrument, or contrivance, or any other manner prohibited by California Penal Code § 632.

27. Plaintiffs allege that this surreptitious monitoring, eavesdropping on, recording, or other unauthorized connections to the conversations took place and was accomplished through the use of an electronic amplifying or recording device prohibited by California Penal Code § 632 (a).

28. Such monitoring, eavesdropping on, recording, or other unauthorized connection took place in person and over the telephone, all without Plaintiffs' knowledge or consent and Plaintiffs were damaged.

29. At the outset of these calls, Plaintiffs had no knowledge that such conversations were being monitored, eavesdropped on, recorded, or otherwise subject to an unauthorized connection.

30. Defendant knew that such conversations were being monitored, eavesdropped on, recorded, or otherwise subject to an unauthorized connection and knew Plaintiffs did not know of such activity.

31. During these monitored, eavesdropped on, recorded, or other telephone calls that Defendant had no authorization with which to connect, Plaintiffs discussed sensitive and personal financial information. Plaintiffs desired, and had a privacy interest in, these telephone calls and expected these telephone calls to be confidential and unrecorded, making these monitored telephone calls "confidential communications" as that term is defined under California Penal Code § 632(c).

32. Plaintiffs had a reasonable expectation of privacy in the telephone calls in question.

33. Such monitoring, eavesdropping on, recording, or otherwise making of unauthorized connections to these confidential communications would allow an unidentified third party access to Plaintiffs' confidential information. As such, Defendant's recording is highly offensive to a reasonable person.

34. Plaintiffs privacy interests in the statements made during a telephone conversation regarding financial matters are legally protected interests, and any invasion of this interest constitutes a serious invasion of privacy.

35. As a result thereof, Plaintiffs have been damaged.

## CAUSES OF ACTION

## CLASS ACTION ALLEGATIONS

36. Plaintiffs bring this action pursuant to California Code of Civil Procedure Section 382 on behalf of themselves and all others similarly situated. The representative Plaintiffs represent, and are members of, the following classes, consisting of:

   A. **Class One**: All persons, that were physically in California at the time of such telephone conversations, in which Defendant, its employees, contractors, agents and other persons working on Defendant's behalf, telephoned Plaintiffs and illegally, secretly, and surreptitiously monitored, eavesdropped on, recorded, or otherwise made an unauthorized connections to such conversations, within one year prior to the filing of the original Complaint.

   B. **Class Two**: All persons, that were physically in California at the time of such telephone conversations, in which Plaintiffs telephoned Defendant, its employees, contractors, agents and other persons working on Defendant's behalf, and Defendant illegally, secretly, and surreptitiously monitored, eavesdropped on, recorded, or otherwise made an unauthorized connections to such conversations, within one year prior to the filing of the original Complaint.

   C. All Defendants, their employees and agents are excluded from the Classes. Plaintiffs do not know the number of members in the Classes, but believes the Class Members number in the hundreds of

thousands per class, if not more. Thus, this matter should be certified as a Class to assist in the expeditious litigation of this matter.

37. Plaintiffs and members of the Classes were harmed by the acts of Defendants in at least the following ways:

    A.    Defendants secretly monitored, eavesdropped on, or otherwise made or received unauthorized connection with the class members' conversations and with Defendant and its agents, all in violation of the California Penal Code Sections 632 et seq. and 637. Plaintiffs' and the Class Members' privacy rights were therefore violated, and were damaged thereby.

    B.    Defendants secretly monitored, eavesdropped on, or otherwise made or received unauthorized connection with the class members' conversations with Defendant and its agents, all in violation of California's statutory and common law against such unlawful intrusions into a person's and private affairs, including the California Constitution's prohibition in Article 1, Section 1.

39. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the Class Members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual Class Members, including the following:

   A. Whether Defendants secretly monitored, eavesdropped on, or otherwise made unauthorized connection to the Class Members' conversations with Defendant and its agents, all in violation of California Penal Code Sections 632 et. seq. and 637, and common law;

   B. Whether Plaintiffs and the Class Members were damaged thereby, and the extent of damages for such violation; and

   C. Whether Defendants should be enjoined from engaging in such conduct in the future.

42. As persons that held numerous telephone conversations with Defendant and its agents during discussions about Defendant's efforts to collect delinquent payments, Plaintiffs are asserting claims that are typical of the entire Classes. Plaintiffs will fairly and adequately represent and protect the interests of the Classes in that they have no interests antagonistic to the Classes.

43. Plaintiffs and the members of the Classes have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class Members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and the Defendants will likely continue such illegal conduct in monitoring, eavesdropping on, or otherwise making an unauthorized connection to such conversations. Because of the size of the individual Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein.

44. Plaintiffs have retained counsel experienced in handling class claims and claims involving unlawful collection practices.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with California law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

## First Cause Of Action

## Unlawful Invasion Of Privacy (Penal Code Sections 632 and 637.2)

## By Plaintiffs Against Defendant

47. Plaintiffs reallege and incorporate the above paragraphs as though fully set forth herein.

48. Defendant monitored, eavesdropped on, or otherwise made unauthorized connection to telephone calls with Plaintiffs and others similarly situated, all without the consent or knowledge of Plaintiffs and those other class members whose conversations were being monitored, eavesdropped on, or otherwise subject to an unauthorized connection. Plaintiffs and all class members have an expectation of privacy in their conversations with Defendant and its agents and did not expect, or have knowledge of, any such illegal monitoring, eavesdropping on, or other unauthorized connections to their personal conversations.

49. Because Defendant monitored, eavesdropped on, or otherwise made an unauthorized connection to Plaintiffs' and other class members' conversations, Defendant is liable for the greater of $5,000.00 per violation or three times the amount of actual damages sustained by each Plaintiff.

50. Such conduct by Defendant was willful, deliberate, malicious and intentional, and in violation of California Penal Code Sections 632, and 637.2. Such conduct violated the California Privacy Act, set forth in California Penal Code Section 630, et seq.

51. As a result of such unlawful conduct, Plaintiffs were damaged, in an amount according to proof.

## Second Cause Of Action
## Injunctive Relief – Penal Code Section 637.2(b)
## By Plaintiffs Against Defendant

52. Plaintiffs reallege and incorporate the above paragraphs as though fully set forth herein.

53. Plaintiffs bring this action on their behalf and on behalf of the class and seek injunctive relief pursuant to California Penal Code § 637.2(b). Section 637.2 (b) permits Plaintiffs to enjoin and restrain any violation of Chapter 1.5 of Title 15 of the California Penal Code.

54. Plaintiffs seek by this Complaint injunctive relief under Section 637.2(b) to enjoin Defendants' violation of California Penal Code §§ 632, and 637.2.

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray for relief as follows as to each and every plaintiff and from the defendant:**

- Certification of the Classes are sought herein;
- Statutory damages of the greater amount of $5,000 per incident of violation of Penal Code Section 632, or actual damages as proven;
- Statutory damages of the lesser of one percent of Defendant's net worth or $500,000 per action pursuant to Cal. Civ. Code § 1788 et seq.
- Prejudgment interest;
- Injunctive relief to prevent the further occurrence of such illegal acts;
- Such other and further relief as the court deems just and proper.

**TRIAL BY JURY**

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: February 10, 2011                By:<u>s/ Robert Hyde</u>
                                       Robert L. Hyde
                                       Attorneys for Plaintiffs

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ramon Gutierrez and Clariza Gutierrez, on behalf of themselves and all others similarly situated

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart  411 Camino Del Rio South Suite 301,
San Diego, CA 92108   619.233.7770

## DEFENDANTS
Barclays Bank Delaware

County of Residence of First Listed Defendant: **Delaware**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**'11CV0289 LAB WMc**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1331

Brief description of cause:
CAFA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ In Excess of $5 Million

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 2/10/11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                                 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.